UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ERIK ALCALDE,

        Plaintiff,

v.                                         Case No. 2:20-cv-69-NPM

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

---

## OPINION AND ORDER

Plaintiff Erik Alcalde seeks judicial review of a denial of Social Security disability insurance benefits. The Commissioner of the Social Security Administration filed the transcript[1] of the proceedings, and the parties filed a Joint Memorandum (Doc. 34). As discussed in this opinion and order, the decision of the Commissioner is reversed and remanded.

## I.     Eligibility for Disability Benefits and the Administration's Decision

### A.     Eligibility

The Social Security Act and related regulations define disability as the inability to do any substantial gainful activity by reason of one or more medically determinable physical or mental impairments that can be expected to result in death

---

[1] Cited as "Tr." followed by the appropriate page number.

or that have lasted or can be expected to last for a continuous period of not less than twelve months.[2] Depending on its nature and severity, an impairment limits exertional abilities like standing or reaching, nonexertional abilities like seeing or hearing, or aptitudes necessary to do most jobs such as using judgment or dealing with people.[3] And when such functional limitations preclude a return to past work or doing any other work sufficiently available in the national economy (or an impairment meets or equals the severity criteria for a disabling impairment as defined in the regulatory "Listing of Impairments"), the person is disabled for purposes of the Act.[4]

### B.    Factual and procedural history

Alcalde is 38 years old. (Tr. 95). He has at least a high school education, completed some college courses, and attended vocational school. (Tr. 120, 656, 658, 667-668). He served in the U.S. Marine Corps as a combat rifle crewmember. (Tr. 668-669, 1492).

On December 10, 2007, Alcalde applied for a period of disability and disability insurance benefits, asserting an amended onset date of September 1, 2006.

---

[2] *See* 42 U.S.C. §§ 416(i), 423(d), 1382c(a)(3); 20 C.F.R. §§ 404.1505, 416.905.

[3] *See* 20 C.F.R. §§ 404.1594(b)(4), 416.994(b)(1)(iv); *see also* 20 C.F.R. §§ 404.1545(b)-(d) (discussing physical, mental, and other abilities that may be affected by impairment(s)), 416.945(b)-(d) (same), 404.1522(b) (providing examples of abilities and aptitudes necessary to do most jobs), 416.922(b) (same).

[4] *See* 20 C.F.R. §§ 404.1511, 416.911(a).

(Tr. 44-48, 93-94). In a determination dated June 2, 2008, Alcalde was found disabled beginning on September 1, 2006. (Tr. 44-48, 93-94). On November 1, 2012, an administrative review found Alcalde no longer disabled as of September 1, 2012, due to medical improvement. (Tr. 42-43, 49-51). And a disability hearing officer also found Alcalde not disabled. (Tr. 54-65).

At Alcalde's request, Administrative Law Judge Marshall D. Riley held a hearing on January 8, 2014, to determine whether the disability benefits should be discontinued. (Tr. 26, 66-67). The ALJ issued an unfavorable decision on March 21, 2014, finding Alcalde's disability ended on September 1, 2012. (Tr. 6-19). Alcalde's timely request for review by the administration's Appeals Council was denied. (Tr. 1-3). Alcalde then filed a complaint in this Court for judicial review. On September 15, 2016, the Court reversed the administration's decision, finding substantial evidence did not support the ALJ's treatment of a prior disability determination made by the Department of Veterans Affairs. The Court also directed the ALJ to further consider the severity of Alcalde's mental health limitations. (Tr. 903-918).

On remand, ALJ Maria C. Northington held a hearing on March 5, 2018. (Tr. 628). At the ALJ's request, psychologist Joseph M. Carver, Ph.D. appeared and testified at the hearing. (Tr. 628, 1480-1481). The ALJ issued an unfavorable decision on July 30, 2018, finding Alcalde's disability ended on September 1, 2012, and he has not become disabled again since that date. (Tr. 1482-1498). Alcalde

requested administrative review of the ALJ's decision and submitted additional evidence from the VA in support. But Alcalde's timely request for review by the administration's Appeals Council was denied. (Tr. 597-603). Alcalde brought the matter back to this Court, and the case is once again ripe for judicial review.

### C.    The ALJ's decision

Generally, an ALJ follows a five-step evaluation to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. But when the issue is cessation of disability benefits, the ALJ must follow an eight-step evaluation to determine if a claimant's disability benefits should continue. *See* 20 C.F.R. § 404.1594(f). The ALJ set out the eight-step evaluation process in detail and the Court adopts and incorporates it here. (Tr. 1485-1486).

The governing regulations provide that the Social Security Administration conducts this "administrative review process in an informal, non-adversarial manner." 20 C.F.R. § 404.900(b). Unlike judicial proceedings, SSA hearings "are inquisitorial rather than adversarial." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1364 (11th Cir. 2018) (quoting *Sims v. Apfel*, 530 U.S. 103, 111, (2000) (plurality opinion)). "Because Social Security hearings basically are inquisitorial in nature, '[i]t is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits.'" *Id*. Indeed, "at the hearing stage, the Commissioner does not have a representative that appears 'before the ALJ to oppose

the claim for benefits.'" *Id*. (quoting *Crawford & Co. v. Apfel*, 235 F.3d 1298, 1304 (11th Cir. 2000)). "Thus, 'the ALJ has a basic duty to develop a full and fair record. This is an onerous task, as the ALJ must scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts.'" *Id*. (quoting *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015)).

In this matter, the ALJ determined the most recent favorable medical decision finding Alcalde disabled is dated June 3, 2008, and used this decision as the "comparison point decision" or "CPD." (Tr. 1487). At the time of the CPD, the ALJ characterized Alcalde's medically determinable impairment as: "affective/mood disorder and anxiety related disorder." (Tr. 1487).

At step one, the ALJ found that Alcalde had not engaged in substantial gainful activity through the date of decision. (Tr. 1487). From the medical evidence since September 1, 2012, the ALJ characterized Alcalde's medically determinable impairments as mood disorder and post-traumatic stress disorder ("PTSD"), type II diabetes mellitus diagnosed in February 2017, obesity, and cannabis use. (Tr. 1487).

At step two, the ALJ determined Alcalde did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment. (Tr. 1489). At step three, the ALJ found medical improvement occurred on September 1, 2012. (Tr. 1490). And the ALJ found at step four that this medical

improvement related to Alcalde's ability to work because it resulted in an increase

in Alcalde's residual functional capacity ("RFC"). (Tr. 1490).[5]

At step six, the ALJ found Alcalde continued to have a severe impairment or

combination of impairments since September 1, 2012. (Tr. 1487). At step seven, the

ALJ arrived at the following RFC:

> Since September 1, 2012, the claimant retains the capacity to perform
> medium work that includes lifting and carrying up to 50 pounds occasionally
> and 25 pounds frequently as defined in the regulations. If someone can do
> medium work, it is opined that this person can also perform light and
> sedentary work that are inclusive within this exertional level. There are no
> limits for sitting in an eight-hour workday with standing and/or walking for
> up to six hours in in an eight-hour workday. The claimant is capable of
> performing all postural functions with the exception of no climbing of
> ropes/scaffolds, but ladders are not affected. The claimant is to perform no
> overhead lifting, no overhead carrying and no overhead reaching with the left
> non-dominant upper extremity. Reaching in all other directions is not
> affected and the right upper extremity is not affected. In the course of work,
> the claimant is to have no exposure to extremes of heat, humidity or cold
> temperatures. The claimant is to perform no work that would involve
> hazardous situations such as work at unprotected heights or work around
> dangerous machinery that may cause harm to self or others. No work with
> vibratory tools or equipment. Secondary to his mental impairments and in
> the abundance of caution, he retains the capacity to understand, remember
> and carry-out non-detailed instructions and perform non-detailed routine
> tasks as consistent with unskilled work. In the course of work, he is to have
> no contact with the public, incidental contact is not precluded. He is to have
> only occasional contact with coworkers and supervisors, occasional being
> defined as occasional interaction and coordination, but not necessarily
> proximity to the same.

(Tr. 1490-1491). Consequently, the ALJ found Alcalde unable to perform his past

relevant work as a combat rifle crewmember. (Tr. 1496).

---

[5] By finding medical improvement, the ALJ then proceeds to the sixth step and skips step five. 20
C.F.R. § 404.1594(f)(4).

At the final step, the ALJ considered Alcalde's age (29 as of September 1, 2012), education (completed high school), work experience, and RFC, and found there were jobs that existed in significant numbers in the national economy that Alcalde could perform. (Tr. 1496). In support, a vocational expert opined during the ALJ hearing that five occupations represent the kinds of jobs that an individual with Alcalde's age, education, work experience and RFC could perform:

(1)   dishwasher (DOT #318.687-010; medium; SVP 2; 21,000 local; 275,000 national);

(2)   cleaner (DOT #323.687-014; light; SVP 1; 11,000 local; 138,000 national);[6]

(3)   merchandise marker (DOT #209.587-034; light; SVP 2; 18,000 local; 281,000 national; with 50% erosion[7] 9,000 local; 140,000 national);

(4)   document preparer microfilm/scanning documents (DOT #249.587-018; sedentary; SVP 3; 2,300 local; 26,700 national);[8] and

(5)   addressing clerk (DOT #209.587-010; sedentary; SVP 2; 370 local; 9,800 national).

(Tr. 1497).[9] The ALJ concluded Alcalde's disability ended on September 1, 2012,

---

[6] The ALJ incorrectly characterized this job as SVP 2. (Tr. 1497).

[7] The vocational expert added erosion of the unskilled medium occupational base due to Alcalde's additional limitations that prevent him from performing the full range of jobs within this occupation. (Tr. 670-672, 1497).

[8] The ALJ incorrectly characterized this job as SVP 2. (Tr. 1497).

[9] The DOT numbers refer to the *Dictionary of Occupational Titles* and its detailed explanations concerning each occupation's requirements. These descriptions include exertion and skill levels. Exertion refers to the work—in a purely physical sense—that the job requires, and it is divided into five categories: sedentary, light, medium, heavy, and very heavy. Skill refers to how long it takes to learn the job, and it is divided into three categories: unskilled, semiskilled, and skilled. The "SVP" (Specific Vocational Preparation) provides further subdivision of the three skill

and Alcalde has not become disabled again since that date. (Tr. 1497).

## II.   Analysis

Alcalde's appeal presents the following issues:

(1)   whether the ALJ failed to weigh treating psychiatrist Dr. Pinosky's opinion;

(2)   whether the ALJ properly considered the VA disability determination;

(3)   whether there was an apparent conflict between the residual functional capacity limitations and the jobs cited by the vocational expert; and

(4)   whether the Commissioner failed to meet his burden of proving Alcalde's disability ended.

(Doc. 34, pp. 28, 33, 43, 57).

### A.   Standard of review

The Court "may not decide the facts anew, make credibility determinations, or reweigh the evidence." *Buckwalter v. Acting Comm'r of Soc. Sec.*, 997 F.3d 1127, 1132 (11th Cir. 2021). While the Court must account for evidence both favorable and unfavorable to a disability finding and view the evidence as a whole, *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), the Court's review of the administration's decision is limited to determining whether "it is supported by substantial evidence and based on proper legal standards." *Crawford v. Comm'r of*

---

categories into nine levels: SVP 1 and 2 are unskilled; SVP 3 and 4 are semiskilled; and SVP 5 through 9 are skilled.

*Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Goode v. Comm'r of Soc. Sec.*, 966 F.3d 1277, 1280 (11th Cir. 2020) (quoting *Crawford*, 363 F.3d at 1158)).

"[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). The inquiry is "case-by-case," and "defers to the presiding ALJ, who has seen the hearing up close." *Id*. at 1157. If supported by substantial evidence, the ALJ's findings of fact are conclusive. 42 U.S.C. § 405(g). This means the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence "preponderates against" the agency's decision. *Noble v. Comm'r of Soc. Sec.*, 963 F.3d 1317, 1323 (11th Cir. 2020) (quoting *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991)).

**B.     Whether the ALJ failed to weigh treating psychiatrist Dr. Pinosky's opinion**

Alcalde argues the ALJ failed to articulate the weight afforded to the opinion of his treating psychiatrist, Dr. Pinosky. (Doc. 34, pp. 28-31). Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of the ALJ's residual-functional-capacity determination. *See Rosario v. Comm'r of*

*Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012).[10] Whenever a physician

offers opinions concerning the nature and severity of a claimant's impairments—

including the claimant's symptoms, diagnosis, and prognosis; physical and mental

restrictions; or what the claimant can still do—the ALJ must state with particularity

the weight given to the opinions and the reasons therefor. *Winschel v. Comm'r of*

*Soc. Sec.*, 631 F.3d 1176, 1178-1179 (11th Cir. 2011); *see MacGregor v. Bowen*,

786 F.2d 1050, 1053 (11th Cir. 1986) ("The Secretary must specify what weight is

given to a treating physician's opinion and any reason for giving it no weight, and

failure to do so is reversible error.").[11] Without such an explanation, "it is impossible

for a reviewing court to determine whether the ultimate decision on the merits of the

claim is rational and supported by substantial evidence." *Winschel*, 631 F.3d at 1179

(quoting *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir.1981)).

Dr. Pinosky has treated Alcalde since January 2013 after Alcalde moved to

Florida. (Doc. 34, p. 15; Tr. 403-407). Thereafter, he examined and treated Alcalde

---

[10] Alcalde's claim was filed on December 10, 2007, and the regulations applicable to claims at that time required an assignment of weight by the ALJ to medical opinions. But due to an update in the regulations, medical opinions related to claims filed on or after March 27, 2017, are subject to a different assessment about their persuasiveness rather than their weight. *See* 20 C.F.R. §§ 404.1520c, 404.1527(c).

[11] For claims filed on or after March 27, 2017, the term "medical opinion" is no longer defined to include a diagnosis, prognosis, or judgment about the nature and severity of an impairment. Rather, it refers only to statements about what the claimant can still do despite any impairment(s), and whether there are any limitations in the claimant's abilities to perform the various demands of work and adapt to work-related conditions. *See* 20 C.F.R. § 404.1513(a)(2).

on several more occasions over the years. (Tr. 375-376 (February 2013), 520-522 (May 2013), 478-480 (August 2013), 1076 (December 2013), 1073 (March 2014), 1072 (June 2014), 1070 (October 2014), 1069 (February 2015), 1068 (March 2015), 1066 and 1112-1113 (July 2015), 1063 and 1079-1080 (September 2015), 1198-1199 (February 2016), 1273-1274 (June 2016)).

At issue is Pinosky's February 2016 treatment note. (Tr. 1198). In February 2016, Pinosky noted that Alcalde was enjoying his carpentry class, which had eleven or twelve students. But the number of students in the class caused him increased anxiety. He continued having irritability problems as well as hyperarousal symptoms and recollections. Alcalde was trying to quit tobacco, used marijuana rarely, and denied alcohol consumption. Pinosky performed a mental status exam, finding Alcalde pleasant, well-groomed with normal psychomotor activity, could smile appropriately, but had impaired focus, seemed to perseverate, and did not have great insight. Pinosky diagnosed Alcalde with PTSD and mood disorder secondary to traumatic brain injury. He found Alcalde's focus remained quite poor and assessed Alcalde as still having problems with anxiety, irritability, and inability to tolerate social situations. Pinosky concluded that it was unlikely Alcalde would be able to maintain gainful employment. (Tr. 1198).

The ALJ reviewed Alcalde's medical history, including Pinosky's treatment notes. (Tr. 1493). But when discussing Pinosky's opinions, the ALJ stated only the following:

> With regard to Dr. Pinosky's statements that it is "unlikely that [the claimant] would be able to maintain gainful employment," Dr. Carver testified there is a difference between maintaining and being employed (Exhibit 26F/48). Dr. Carver stated there are some personality issues that may limit his interest in employment but there are no mental health issues rationale [sic] that suggests [sic] that he is incapable of gainful employment. Dr. Carver testified that the claimant's marijuana use may limit the types of jobs he can get because of drug testing. Dr. Carver testified the claimant has some generalized anxiety and he stopped taking medication over a year ago. Dr. Carver opined the claimant should get back on medication for anxiety. The undersigned gives significant weight to Dr. Carver's testimony.

(Tr. 1495 (citing Tr. 659, 1198)). Thus, the ALJ merely alluded to a rationale for discounting Pinosky's opinion that Alcalde would not be able to maintain employment, and did not discuss Pinosky's opinions about Alcalde's impaired focus, intolerance for social situations, impaired insight, irritability, or anxiety. Nor did the ALJ assign weight to any of these opinions.

Moreover, the ALJ failed to articulate what weight she afforded to Pinosky's opinions even though she articulated the amount of weight given to the VA disability ratings, a VA letter, and the opinions of the state agency consultants. (Tr. 1494-1495). This is in clear contravention of the regulations and this Circuit's precedent. *See McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 962-963 (11th Cir. 2015) (finding reversible error when ALJ failed to articulate "what weight was given to

Dr. Teschner's opinion or explain why he gave weight to the other opinions over hers," even though the doctor was not a treating physician).

Accordingly, the Court cannot find that substantial evidence supports the ALJ's decision, and the case must be reversed and remanded. *See Winschel*, 631 F.3d at 1179; *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004) ("When electing to disregard the opinion of a treating physician, the ALJ must clearly articulate its reasons."); *Lawton v. Comm'r of Soc. Sec.*, 431 F. App'x 830, 835 (11th Cir. 2011) (reversing and remanding because "the ALJ failed to adequately explain the weight he afforded to the opinions of some of Lawton's treating and examining physicians"); *see also Dempsey v. Comm'r of Soc. Sec.*, 454 F. App'x 729, 733 (11th Cir. 2011) (finding substantial evidence did not support ALJ's decision that gave specific weight to doctor's two opinions but failed to mention, much less consider, the same doctor's other opinion).

Even if the ALJ had articulated the weight given to Pinosky's opinions, she did not provide good reasons for rejecting them. With respect to applications filed before March 27, 2017, the opinion of a treating physician must, absent "good cause," be given "substantial or considerable weight." *Williams v. Comm'r, Soc. Sec. Admin.*, 805 F. App'x 692, 694 (11th Cir. 2020) (citing *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011)); *see* 20 C.F.R. § 404.1527(c)(2) (noting that an ALJ must provide "good reasons" for the weight given to a treating source's

opinion). "Good cause" exists where "(1) the opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the opinion was conclusory or inconsistent with the doctor's own medical records." *Id.* (cleaned up). And when assigning anything less than substantial or considerable weight to the opinions of a treating physician, an ALJ must consider several factors. 20 C.F.R. § 404.1527(c). "For instance, the Social Security regulations command that the ALJ consider: (1) the examining relationship; (2) the treatment relationship, including the length and nature of the treatment relationship; (3) whether the medical opinion is amply supported by relevant evidence; (4) whether an opinion is consistent with the record as a whole; and (5) the doctor's specialization." *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1260 (11th Cir. 2019) (citing *Sharfarz v. Bowen*, 825 F.2d 278, 280 (11th Cir. 1987)).

The ALJ used non-examining medical consultant Dr. Carver's testimony as a reason to discount Pinosky's ultimate opinion. (Tr. 1495). But, standing alone, an ALJ's reference to a consultant's testimony does not provide good cause for a wholesale rejection of every opinion supplied by a treating physician. *See Kahle v. Comm'r of Soc. Sec.*, 845 F. Supp. 2d 1262, 1272 (M.D. Fla. 2012) ("The opinions or findings of a non-examining physician are entitled to little weight when they contradict the opinions or findings of a treating or examining physician" (citing *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988)). And Carver's attempt to re-

14

characterize Pinosky's ultimate opinion as having more to do with Alcalde's interest in employment rather than his ability to work is not responsive to the full range of opinions expressed in Pinosky's treatment note. (Tr. 1198, 1495). Thus, affording significant weight to Carver's testimony does not necessarily indicate the ALJ completely rejected Pinosky's opinions. This is particularly true given that the ALJ discussed (and may have even relied on) Pinosky's treatment notes earlier in her decision. (Tr. 1493).

Not only did the ALJ fail to articulate the weight given to Pinosky's opinions, but she also did not provide good cause for rejecting them. Accordingly, the Court cannot find substantial evidence supports the ALJ's decision, and remand is warranted on this issue.

### C.    Alcalde's remaining arguments

Alcalde's remaining issues focus on whether the ALJ properly considered the VA disability determination, whether there was an apparent conflict between the RFC and jobs cited by the vocational expert, and whether the Commissioner failed to meet his burden of proving when Alcalde's disability ended. Because the Court finds that remand is warranted on the treating physician issue, the Court need not address the other arguments raised by Alcalde. *See Francis v. Saul*, No. 8:18-cv-2492-T-SPF, 2020 WL 1227589, \*4 (M.D. Fla. Mar. 13, 2020) (citing *Demench v. Sec'y of Dep't of Health & Human Servs.*, 913 F.2d 882, 884 (11th Cir. 1990)

(declining to address plaintiff's remaining arguments due to conclusions reached in remanding the case); *Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (stating that it is unnecessary to review other issues raised on appeal where remand is required and such issues will likely be reconsidered in the subsequent proceedings); *Bekiempis v. Colvin*, No. 8:16-cv-192-T-27TGW, 2017 WL 459198, *5 (M.D. Fla. Jan. 17, 2017) (finding it appropriate to pretermit discussion of two other contentions raised by claimant in light of a remand, which would generate a new decision)).

## III.    Conclusion

Upon consideration of the submission of the parties and the administrative record, the Court finds the decision of the Commissioner is not supported by substantial evidence.

It is **ORDERED** that the decision of the Commissioner is **REVERSED** and **REMANDED** for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court is directed to enter judgment, terminate any pending motions and deadlines, and close the case.

**ORDERED** in Fort Myers, Florida on September 24, 2021.

_____

NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

16